UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KENNETH DOWE SMITH, | ) | 1:05-cv-00546-REC-TAG HC |
| Petitioner, | ) ) | |
| v. | ) ) | ORDER REQUIRING PETITIONER TO FILE A SECOND AMENDED PETITION |
| CALIFORNIA ATTORNEY GENERAL, | ) ) | ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER A BLANK FORM |
| Respondent. | ) ) | PETITION FOR HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 25, 2005, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1). The original petition raises the following two claims for relief: (1) Petitioner's "three strikes" sentence is cruel and unusual under the Eighth Amendment; and (2) the trial court's refusal to dismiss a prior "strike" conviction violated Petitioner's right to due process. (Doc. 1, p. 5).

On July 8, 2005, Petitioner filed an amended petition.[1] (Doc. 6). The amended petition seeks not only to incorporate by reference the grounds raised in the original petition without actually alleging them in the amended petition, but also adds two new grounds for relief: (1)

---

[1] A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases. Calderon v. United States District Court (Thomas), 144 F.3d 618, 620 (9th Cir. 1998); Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Leave of Court is required for all other amendments. Rule Civ. P. 15(a).

ineffective assistance of trial counsel for failure to file certain motions; and (2) ineffective assistance of trial counsel in that trial counsel had a conflict of interest that prejudiced Petitioner. (Doc. 5, p. 3).

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

    1. Exhaustion of State Remedies.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th

1  Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

A federal habeas corpus proceeding cannot substitute for state court appellate review.  If Petitioner has not presented *all* of his claims to the California Supreme Court, the Court must dismiss the petition.  See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997).   Federal courts require exhaustion out of comity to the state court, and the requirement is designed to give state courts the initial opportunity to correct alleged constitutional deprivations.  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sun, 854 F.2d 1158, 1163 (9th Cir. 1988).  The only exception to exhaustion is if the state provides no corrective process or if the state's process is so ineffective as to fail to protect the petitioner's rights under the circumstances.  28 U.S.C. § 2254(b)(1)(B).

///

Here, the two claims for relief listed in the amended petition do not appear to have been exhausted in state court. Petitioner provides no information whatsoever regarding his efforts, if any, to present these two ineffective assistance of counsel claims to the California Supreme Court. From his amended petition, and the omission of those issues from the original petition, it seems probable that Petitioner has not presented either of these two issues to the California Supreme Court.

However, although it appears that Petitioner has not exhausted the two claims for relief in his amended petition, Petitioner may have information to the contrary which he has not included in the amended petition. Thus, the Court will permit Petitioner an opportunity to file a second amended petition in which he can either provide information establishing that he has presented these two new grounds of ineffective assistance of counsel to the California Supreme Court or which deletes the unexhausted claims and presents only exhausted claims.

2. <u>Claims in the Original Petition</u>.

In his amended petition, Petitioner seeks to incorporate by reference the claims listed in the original petition without actually listing those claims in the amended petition. However, because an amended pleading supersedes the original pleading, any amended pleading *must be complete in itself without reference to any prior pleading.* Local Rule 15-220; <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). <u>See</u> Rule 2 of the Rules Governing Section 2254 Cases; Local Rule 81-190 This rule ensures that all information needed is before the court. Each ground for relief must be clearly stated and allege what federal constitutional violation has occurred, along with providing facts that support the grounds for relief. The type of filing that simply references attachments or prior filings without itself enumerating all asserted claims requires the Court to expend considerable time and resources attempting to determine which claims Petitioner actually seeks to raise before this Court. It is unreasonable to expect the Court to take on such a task when the responsibility to inform the Court about his claims lies solely with the petitioner.[2]

---

[2] Petitioners are not precluded from submitting attachments or exhibits to the petition, however, the Court will not determine a petitioner's claims for him based solely on his attachments.

Moreover, the amended petition is not on a form provided by the Court. A petition presented in *pro se* must be upon the form approved by the court. See Rule 2 of the Rules Governing Section 2254 Cases; Local Rule 81-190. This rule ensures that all information needed is before the court. Each ground for relief must be clearly stated and allege what federal constitutional violation has occurred, along with providing facts that support the grounds for relief. The proper use of the form petition results in administrative convenience of benefit to both Petitioner and the Court. Thus, Petitioner will be required to file a second amended petition on a form petition provided by the Court.

3. Proper Respondent.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id.

Here, Petitioner has named as Respondent the "California Attorney General." However, the California Attorney General is not the warden of the institution where petitioner is presently confined and, thus, does not have day-to-day control over petitioner. Petitioner is incarcerated at the Idaho Correctional Center in Boise, Idaho. Petitioner should name as respondent the warden of that facility.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd

Cir. 1976). However, because the Court is granting petitioner leave to file a second amended petition, Petitioner will have the opportunity to cure this defect by naming a proper respondent, e.g., the warden of his facility, in the second amended petition. See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1. That Petitioner is granted thirty (30) days from the date of service of this order to file a second amended petition. Petitioner is advised that the second amended petition should be clearly entitled "Second Amended Petition for Writ of Habeas Corpus." Petitioner is also advised that the petition must set forth his *all* of his claim(s), including *all* the facts and arguments in support of said claim(s). With respect to any claims raised in a second amended petition, Petitioner must have presented those claims, either in his original state court appeal or through a subsequent state habeas corpus petition, to the California Supreme Court prior to raising them in this Court. *It is Petitioner's responsibility to advise the Court in his amended petition of the dates when the state courts ruled on the issues Petitioner raised*.[3] The Court will not consider the original petition or the first amended petition. Petitioner is reminded that each claim *must* state a cognizable *federal* claim and that the second amended petition must name a proper respondent;

///

---

[3]In the event Petitioner has not exhausted his state remedies, he may wish to withdraw the instant petition because of the one-year period of limitations in which a petitioner must file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period is tolled during the time a petition for writ of habeas corpus is pending in state court; however, it is not tolled for the time a *federal* petition is pending in federal court. Duncan v. Walker, 563 U.S. 167 (2001). Alternatively, as mentioned, Petitioner may choose to file an amended petition that deletes the unexhausted claim(s).

2.   The Clerk of Court is DIRECTED to send Petitioner a blank form petition for state prisoners filing pursuant to § 2254.

Petitioner is forewarned that failure to follow this order will result in a recommendation for dismissal of the petition pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   December 9, 2005**          /s/ **Theresa A. Goldner**
j6eb3d                                            UNITED STATES MAGISTRATE JUDGE