UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH DOWE SMITH,           )<br>                                                    )<br>                    Petitioner,        )<br>                                                    )<br>        v.                                          )<br>                                                    )<br>                                                    )<br>CALIFORNIA ATTORNEY GENERAL, )<br>                                                    )<br>                    Respondent.       )<br>                                                    ) | 1:05-cv-00546-OWW-TAG HC<br><br>REPORT AND RECOMMENDATION TO DISMISS PETITION<br><br>(Doc. 1) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On December 9, 2005, the Court ordered Respondent to file a second amended petition. (Doc. 7). On January 9, 2006, Petitioner requested an extension of time within which to file the second amended petition. (Doc. 8). On February 21, 2006, the Court granted Petitioner thirty days from the date of service of that order within which to file the second amended petition. (Doc. 10). On February 29, 2006 and on March 3, 2006, copies of the Court's orders sent to Petitioner were returned by the U.S. Postal Service as "undeliverable." (Docs. 11 & 12). On May 18, 2006, the documents were re-served on Petitioner (Doc. 13), but again they were returned by the U.S. Postal Service on May 30, 2006. (Doc. 14). Service of a subsequent order dated June 7, 2006 (Doc. 15), re-assigning the case to a new District Judge, was also returned as "undeliverable" on June 13, 2006. (Doc. 16). In sum, the Court has had no contact with Petitioner since January 9, 2006, and all of his mail has been returned "undeliverable" since February 28, 2006.

Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times. Local Rule 83-183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, more than sixty days have passed since Petitioner's mail was first returned to the Court as "undeliverable", yet he has not notified the Court of a current address.

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending for since March 25, 2005.  The Court cannot hold this case in abeyance indefinitely based on Petitioner's failure to notify the Court of his address.  The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, given the Court's inability to communicate with Petitioner based on Petitioner's failure to keep the Court apprised of his current address, no lesser sanction is feasible.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED without prejudice for Petitioner's failure to prosecute.

This Report and Recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's

1  Report and Recommendation." Replies to the objections shall be served and filed within ten (10)
2  <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then
3  review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised
4  that failure to file objections within the specified time may waive the right to appeal the District
5  Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

7  IT IS SO ORDERED.

8  Dated:   **July 19, 2006**                         **/s/ Theresa A. Goldner**
   **j6eb3d**                                         UNITED STATES MAGISTRATE JUDGE